Caruthers, J.,
delivered the opinion of the Court.
This hill is filed for the rescission of a contract for nine acres of land, upon the ground of failure of title to a part of it — about two acres.
Bradshaw conveyed a small tract of land adjoining Columbia, on the east, to a trustee, to secure a certain debt. The land was laid off into small lots, and sold at auction.
The complainants became the purchasers of three adjoining lots, making in all about nine acres, for $1,476, for which they executed their notes, and received a title bond for the whole, as one tract, without regard to the division into lots.
The title to a portion of one of the lots was bad, and this embraces the building site, which, as it appears, constituted a main inducement for the purchase, and very materially affects the value of the land. The defendants do not deny, but admit that they have no title to that part of one of the lots, but insist that . as the nine acres bought by complainants consisted of three several lots, which were so sold, and bid off, the failure of title to one, and part of one, cannot defeat the sale of the other two, and constitutes no ground of rescission as to them; and they file a cross-bill, to have the title bond so reformed, as to describe each lot separately. This bill was properly dismissed. The bond was the only valid evidence of sale under the statute of frauds, and to that we must look for the terms of contract; besides this bond, there was no writing, and therefore no valid sale or purchase.
It must then be regarded as a sale of the entire *72 nine acres; and the question is, whether the failure of title to a part, is good ground of rescission of the whole. , It further appears that Bradshaw and the auctioneer both represented at the sale, that the title was good to the whole tract, and this with a knowledge that it was not true, as it seems, to the part designated in this bill.
This would constitute fraud, and would vitiate the sale on that ground.
But, without fraud, the mere failure of title to a part of the land purchased, which materially affects its value, or constituted an inducement' to the trade, gives the vendee the option to set aside and annul the whole contract, or retain the part to which the title is good, and have a deduction from the consideration, to the extent of the value of the portion lost, in reference to the whole tract. It is very palpable, that an eligible building site on a small tract, like this, near a town or city, would constitute a main element in its value, both for use, and for sale. We think this a clear case for rescission, and the Chancellor’s decree to that effect is affirmed.